

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# USA v. Mims

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Mims" (2006). *2006 Decisions*. Paper 1120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1943
_____

UNITED STATES OF AMERICA

vs.

BERNIE MIMS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 04-cr-00627-1)
Chief District Judge:  The Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2006

BEFORE: SCIRICA, Chief Judge, and  NYGAARD,  Circuit Judge.,
and YOHN,[*] District Judge.


(Filed May 12, 2006)

_____

OPINION OF THE COURT
_____

_____

*Honorable William H. Yohn, Jr., Senior District Judge for the United States District
Court for  the Eastern District of Pennsylvania, sitting by designation.

NYGAARD, Circuit Judge.

Appellant, Bernie Mims, pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 2 and was sentenced to 70 months' imprisonment, 3 years of supervised release and received at $2000 fine and a $100 special assessment. Pursuant to his plea, Mims waived his right to appeal the District Court's determination of his total offense level if it were 24 or less. Mims' sentence was based upon a total offense level of 21, clearly within the terms of his plea agreement.

Mims' plea agreement is valid and binding on him and us. During his Rule 11 colloquy, Mims' confirmed under oath that he had signed the plea agreement, reviewed it with his attorney and understood it. The record does not support any argument that the plea was either involuntary or unknowing, or that he did not understand the nature of his appellate waiver. He not only stated under oath that he both understood and signed the plea in which the waiver was contained, but he also confirmed his understanding of it at his sentencing. Hence, Mims' waived the right to appeal his sentence. His appeal will therefore be dismissed.[1]

---

1.    Because we will dismiss Mims' appeal we need not decide whether, absent an effective appellate waiver, his sentence is reasonable under *United States v. Booker*, 463 U.S. 220 (2005).